# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-245(7) (DWF/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Nicole Rose Woodworth, | |
| Defendant. | |

This matter is before the Court on Defendant Nicole Rose Woodworth's requests for compassionate release. (Doc. Nos. 494, 501.) For the reasons discussed below, the Court respectfully denies Woodworth's requests.

## BACKGROUND

Woodworth pled guilty on July 23, 2019 to Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. Nos. 236, 238.) Woodworth agreed she was part of a drug trafficking organization from June 2018 through August 2018. (Doc. No. 238 at 2.) A search of Woodworth's home on August 28, 2018 located 65 grams of methamphetamine packaged for individual sale. (*Id.* at 2–3.) The organization's leader, Johnson, had visited Woodworth's residence on over 40 occasions in July and August 2018, and Woodworth admitted to selling Johnson's methamphetamine for four years, approximately one to three pounds weekly. (*Id.* at 2–3.) Other searches of locations related to the organization in July and August 2018 located approximately five kilograms of methamphetamine, $23,000, a rifle and six

handguns, two stolen firearms, and a ballistic vest.  (*Id.* at 2.)  Woodworth was sentenced on November 19, 2019 to 58 months' imprisonment and a term of 5 years' supervised release.  (Doc. Nos. 373, 371.)

Woodworth is presently incarcerated at FMC Carswell in Fort Worth, Texas with an expected release date of September 2, 2021.  Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited Dec. 15, 2020).  FCI Carswell reports 3 COVID-19 cases among inmates and 3 among staff.  Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Dec. 15, 2020).  There have been 6 inmate deaths from COVID-19.  *Id.*  To date, 499 inmates and 1 staff have recovered from COVID-19; 1,294 inmates have been tested.  *Id.*

Woodworth moves for compassionate release primarily on the grounds that she suffers from multiple sclerosis and is receiving inadequate medical care during the pandemic.  In a later filing, Woodworth notes additional ailments of hypertension, carotid artery dissection, moderate to severe multilevel disc space narrowing and ventral endplate osteophytosis, cataracts, astigmatism, presbyopia, and retinopathy.  (Doc. No. 501 at 1.)  The Government opposes.  (Doc. No. 498.)  Woodworth's medical record was submitted for the Court's review.  (Doc. No. 500.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not

2

expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  U.S.S.G. § 1B1.13, cmt. n.1(a)(ii).  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."  18 U.S.C. § 3582(c)(1)(A).

      Woodworth is 42 years old and her primary health concern is multiple sclerosis.  Multiple sclerosis is not listed by the CDC as a specific risk factor in relation to COVID-19, but persons in an immunocompromised state might be at increased risk for severe illness should they contract the COVID-19 virus.  Centers for Disease Control and Prevention, Coronavirus Disease:  People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Dec. 15, 2020).  According to the National Multiple Sclerosis Society, current evidence indicates that "simply having [multiple sclerosis] does not make you more likely to develop COVID-19 or to become severely ill or die from the infection than the general population."  Nat'l Multiple Sclerosis Soc., *Multiple Sclerosis & Coronavirus: Coronavirus Risk for People Living with Multiple Sclerosis (MS)*, https://www.nationalmssociety.org/coronavirus-covid-19-information/multiple-sclerosis-and-coronavirus (last visited Dec. 15, 2020).  Rather, certain subsets of persons with multiple sclerosis are more susceptible to a severe case of COVID-19, including those with progressive multiple sclerosis or other risk factors that align with those listed by the CDC.  *Compare id. with* Centers for Disease Control and Prevention, Coronavirus Disease: People with Certain Medical Conditions,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  As for Woodworth's remaining medical concerns, hypertension might put someone at increased risk for severe illness should they contract the COVID-19 virus, but none of Woodworth's other listed ailments— carotid artery dissection, moderate to severe multilevel disc space narrowing and ventral endplate osteophytosis, cataracts, astigmatism, presbyopia, and retinopathy—are listed as COVID-19 risk factors.  Centers for Disease Control and Prevention, Coronavirus Disease: People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Woodworth's medical records do not demonstrate that she suffers from an advanced form of multiple sclerosis such that her risk factor with respect to the COVID-19 virus is elevated.  Woodworth's multiple sclerosis is considered "well controlled" and being regularly monitored and treated by BOP medical staff.  (*E.g.*, Doc. No. 500 at 9 (Sept. 29, 2020 Chronic Care Clinical Encounter).)[1]  As such, the Court concludes Woodworth's multiple sclerosis does not constitute a medical condition that diminishes her ability to provide self-care in the prison context.  Other courts have reached the same conclusion, both before and after the COVID-19 pandemic.  *United*

---

[1] Woodworth has contradictory self-reporting of her multiple sclerosis symptomology.  She reported on October 7, 2020 that her last multiple sclerosis episode was 15 years ago, and her multiple sclerosis is in remission.  (Doc. No. 500 at 2-3 (Oct. 7, 2020 Optometry Clinical Encounter).)  But on June 9, 2020, Woodworth believed she was in the middle of a multiple sclerosis flare-up and reported her last flare-up was three years prior.  (*Id.* at 32 (June 9, 2020 Physical Therapy Clinical Encounter).)

*States v. Delgado*, 2020 WL 4192919, at *3 (S.D. Tex. July 20, 2020); *United States v. LeBlanc*, 2020 WL 2331690, at *3-*4 (E.D. La. 2020); *see also United States v. Gagne*, 451 F. Supp. 3d 230, 234 (D. Conn. 2020) (decided early in the COVID-19 pandemic); *United States v. Casey*, 2019 WL 1987311, at *2 (W.D. Va. May 6, 2019) (decided pre-COVID-19 pandemic). Nor does the Court conclude that Woodworth's amalgamation of ailments—most notably her multiple sclerosis in combination with hypertension—constitutes a medical condition that diminishes her ability to provide self-care in the prison context. As such, Woodworth has not shown an extraordinary and compelling reason to justify a reduction in sentence.

Even if Woodworth's medical condition were an extraordinary and compelling reason warranting a reduction in sentence, the Court would find the general sentencing factors in § 3553(a) preclude a reduction in sentence. Woodworth was released on bond with pretrial supervision from December 20, 2018 until July 23, 2019, when she was returned to custody. (Doc. No. 343 at 5.) Woodworth had repeated drug tests that were positive for methamphetamine, she was discharged from an outpatient substance abuse treatment program for lack of attendance and drug use, and she was discharged from an inpatient substance abuse treatment program upon leaving the program without permission. (*Id.*) Woodworth's demonstrated inability to abide by release conditions raises serious doubts that she would receive appropriate medical care and substance abuse treatment outside of the prison context.[2] 18 U.S.C. § 3553(a)(2)(D). Woodworth's

---

[2] Woodworth notes that her movement within the BOP system and current COVID-19 limitations prevent her from such treatment. Despite the difficulties due to

struggles with methamphetamine usage led to her lengthy assistance of a drug trafficking organization and the Court must weigh the protection of the public against this backdrop and the fact that Woodworth has served only 16 months of her 58-month sentence. *Id.* §§ 3553(a)(2) (A), (B), and (C). Accordingly, the § 3553(a) factors weigh towards denying Woodworth's request.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Nicole Rose Woodworth's requests for compassionate release (Doc. Nos. [494], [501]) are respectfully **DENIED**.

Date:  December 17, 2020    s/Donovan W. Frank
                            DONOVAN W. FRANK
                            United States District Judge

---

the COVID-19 pandemic, Woodworth's best hope for receiving substance abuse treatment and other educational and rehabilitative programming remains in the prison context.